## CROISSANT v. ADAMS et al.

Circuit Court of Appeals, Seventh Circuit.
June 13, 1928.

### No. 3988.

1. **Injunction** ☞136(2)—**Holder of certificates in syndicate held entitled to injunction pendente lite to preserve assets in hands of trustees pending suit for refund of subscriptions.**

Shareholder, suing as one of class of holders of certificates in syndicate, *held* entitled to injunction pendente lite to preserve assets in hands of trustee and former trustees of syndicate, pending suit to recover subscriptions paid in accordance with alleged agreement providing for return of subscriptions in event land was not purchased by certain date.

2. **Courts** ☞405(3)—**Appeal does not lie to Circuit Court of Appeals from refusal to remove attorneys appearing for codefendant because they formerly acted for defendant (28 USCA § 227).**

Under 28 USCA § 227, appeal does not lie to Circuit Court of Appeals from refusal of motion on behalf of defendant to remove certain attorneys appearing in action for codefendant in matters important in suit.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Frank E. Adams against G. Frank Croissant and others. From an interlocutory order restraining defendant Croissant and others from disposing of funds held by them, and from a denial of a motion on behalf of said defendant to remove certain attorneys appearing for other defendants, said defendant appeals. Affirmed.

Joseph R. Roach, of Chicago, Ill., for appellant.

Robert N. Golding, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Croissant appeals from an interlocutory order of

the District Court restraining him and others "from selling, transferring, giving away, or otherwise disposing of any and all funds of said G. Frank Croissant Boca Raton Syndicate, and any other funds, or parts thereof, held by them and which are comprehended within the pleadings," and restraining all persons from legal proceedings against the property of the syndicate held by any of the defendants; and from the denial of a motion on behalf of Croissant to remove certain attorneys appearing in the action for defendants Preschern and the Union Bank, on the ground that they had formerly acted for defendant Croissant in matters important in the suit, and in regard to which the position of Croissant is "drastically antagonistic" to that of the other defendants.

Frank E. Adams on September 10, 1927, brought suit as one of a class of holders of certificates in the G. Frank Croissant Boca Raton Syndicate, and as purchaser of a lot sold by the syndicate in its Boca Raton development, averring that defendants Preschern and the Union Bank of Chicago, of which Preschern was vice president and trust officer, on or about August 15, 1925, became trustees of the syndicate organized for the purchase and development of a tract of Florida land, and that as such they had collected money paid by purchasers of membership certificates in the syndicate; such certificates stating that in the event the land was not purchased by January 2, 1926, the subscriptions would be refunded.

It was further charged that Preschern and the bank received as trustees a sum exceeding $1,500,000 for the purchase of such Florida land, of which they paid $760,000 to an irresponsible person, Boyland, for contracts relating to the land intended for the development, which was lost to the syndicate by Boyland's default; that on December 15, 1925, Croissant succeeded Preschern and the bank as trustee, and collected about $500,000 in that capacity; that there were more than 750 subscribers to the syndicate, who, because of the failure of the syndicate to acquire title to the land, it is alleged, are now entitled to the return of their subscriptions.

The bill prayed for an accounting, dissolution of the trust, and judgment against the defendants for such sums as were lost by their dereliction.

Croissant answered, making the same allegations as Adams as to Preschern and the bank, elaborating upon them in regard to the attempted purchase of land, but denying the charges as to his own conduct. He admits that as trustee he collected and borrowed

27 F.(2d)—4

large sums of money, most of which became lost to the syndicate through payments as commissions, salaries, interest on mortgages, and for development work, and charges that, but for the conduct of the other defendants, he would have carried out the project, and have sold lots to the sum of $40,000,000, and have earned for himself $6,000,000, instead of which he has been required to pay out over $1,000,000, in part his own money, to certificate holders and purchasers of lots.

The answer prayed an accounting by Preschern and the bank, on behalf of both the syndicate and Croissant individually, for moneys advanced by him, and for judgment against them for losses sustained because of their unlawful acts.

The answers of defendants Preschern and the bank denied that they had ever been or acted as trustees of the syndicate, but admitted the bank received a large sum as subscriptions to the syndicate, and paid out large sums, but always at the request and with the authorization of Croissant; that the attempted purchase of land was by men associated with Croissant, and not by Preschern or the bank, and that with the knowledge of the members of the syndicate Croissant spent large sums for purposes other than those of the trust; that, for a loan to Croissant of $100,000 by the bank, Croissant had assigned as collateral his claims for deferred commissions, and his beneficial interest in the trust, for all of which the bank claims to be entitled to indemnity from Croissant and a lien on his interest in the syndicate; that other parties, associated with Croissant, had likewise borrowed from the bank and assigned their interests as security; and it was prayed that they be made parties and required to account, and that Croissant be removed as trustee, and a receiver be appointed, the trust wound up, and the assets protected by temporary and permanent injunctions.

Numerous affidavits and exhibits accompanied these pleadings, revealing an unusually involved and confusing situation, a diversity of claims, and little assurance of the existence of assets sufficient to meet them all. Croissant moved the court to require the attorneys representing Preschern and the bank to cease from further representing them in the cause, and on the hearing of this motion the court denied it, and entered the interlocutory injunction complained of.

[1] The record shows a complicated and unusual situation, one in which it was not only within the discretion of the court to preserve the assets by injunction pendente lite, but where a failure to so protect them might more

properly have given ground for complaint. Any party deeming the pendency of the injunction harmful to his interest may by appropriate action undertake to speed the cause, and in view of the many interests apparently involved we indulge the hope that it has already so far progressed that its disposition may quickly follow.

[2] As to the complaint of the court's action on the motion to remove or dismiss certain attorneys appearing in the cause, we do not feel this is a matter whereon appeal will lie at this stage of the cause. The statute which alone confers authority to entertain appeals from interlocutory orders and decrees does not authorize appeal from an order such as this. 28 U. S. Code, 227 (28 USCA § 227).

The order for interlocutory injunction is affirmed.